FILED _____ ENTERED
LODGED _____ RECEIVED

JAN 3 0 2024

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

BLAKE L. KIRVIN,

Defendant.

NO.  CR24-019 RAJ

**PLEA AGREEMENT**

The United States, through United States Attorney Tessa M. Gorman and Assistant United States Attorney Sanaa Nagi of the Western District of Washington and Blake Kirvin and Blake Kirvin's attorney Corey Endo enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11(c).

1.      **Waiver of Indictment**.  Defendant, having been advised of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to the charge brought by the United States Attorney in an Information.

2.   **The Charge**.  Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to the charge of Felon in Possession of a Firearm, as charged in Count 1 of the Information, in violation of Title 18, United States Code, Section 922(g)(1).

By entering a plea of guilty, Defendant hereby waives all objections to the form of the charging document.  Defendant further understands that before entering any guilty plea, Defendant will be placed under oath.  Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

3.   **Elements of the Offense**.  The elements of the offense of Felon in Possession of a Firearm are as follows:

    a.   First, the defendant knowingly possessed a firearm;

    b.   Second, the firearm had been shipped from one state to another;

    c.   Third, at the time the defendant possessed the firearm, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year; and

    d.   Fourth, at the time the defendant possessed the firearm, the defendant knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

4.   **The Penalties**.  Defendant understands that the statutory penalties for the offense of Felon in Possession of a Firearm are as follows: a maximum term of imprisonment of up to 15 years, a fine of up to $250,000, a period of supervision following release from prison of up to 3 years, and a mandatory special assessment of $100 dollars.  If a probationary sentence is imposed, the probation period can be for up to five years.

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements.  Defendant further understands that, if supervised release is imposed and

Plea Agreement - 2
*United States v. Kirvin*
USAO# 2023R01010

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  Defendant violates one or more of the conditions or requirements, Defendant could be
2  returned to prison for all or part of the term of supervised release that was originally
3  imposed.  This could result in Defendant serving a total term of imprisonment greater
4  than the statutory maximum stated above.

5      Defendant understands that as a part of any sentence, in addition to any term of
6  imprisonment and/or fine that is imposed, the Court may order Defendant to pay
7  restitution to any victim of the offense, as required by law.

8      Defendant further understands that the consequences of pleading guilty may
9  include the forfeiture of certain property, either as a part of the sentence imposed by the
10  Court, or as a result of civil judicial or administrative process.

11      Defendant agrees that any monetary penalty the Court imposes, including the
12  special assessment, fine, costs, or restitution, is due and payable immediately and further
13  agrees to submit a completed Financial Disclosure Statement as requested by the United
14  States Attorney's Office.

15      Defendant understands that, if pleading guilty to a felony drug offense, Defendant
16  will become ineligible for certain food stamp and Social Security benefits as directed by
17  Title 21, United States Code, Section 862a.

18      5.    **Immigration Consequences**.  Defendant recognizes that pleading guilty
19  may have consequences with respect to Defendant's immigration status if Defendant is
20  not a citizen of the United States.  Under federal law, a broad range of crimes are grounds
21  for removal, and some offenses make removal from the United States presumptively
22  mandatory.  Removal and other immigration consequences are the subject of a separate
23  proceeding, and Defendant understands that no one, including Defendant's attorney and
24  the Court, can predict with certainty the effect of a guilty plea on immigration status.
25  Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any
26  immigration consequences that Defendant's guilty plea(s) may entail, even if the
27  consequence is Defendant's mandatory removal from the United States.

Plea Agreement - 3
*United States v. Kirvin*
USAO# 2023R01010

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

6.      **Rights Waived by Pleading Guilty.**  Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

    a.      The right to plead not guilty and to persist in a plea of not guilty;

    b.      The right to a speedy and public trial before a jury of Defendant's peers;

    c.      The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

    d.      The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

    e.      The right to confront and cross-examine witnesses against Defendant at trial;

    f.      The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

    g.      The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

    h.      The right to appeal a finding of guilt or any pretrial rulings.

7.      **United States Sentencing Guidelines**.  Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including:  (1) the nature and circumstances of the offense(s); (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offense(s), to promote respect for the law, and to provide just punishment for the offense(s); (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational

Plea Agreement - 4
*United States v. Kirvin*
USAO# 2023R01010

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  training, medical care, or other correctional treatment in the most effective manner; (7)

2  the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the

3  need to avoid unwarranted sentence disparity among defendants involved in similar

4  conduct who have similar records.  Accordingly, Defendant understands and

5  acknowledges that:

6          a.      The Court will determine Defendant's Sentencing Guidelines range

7  at the time of sentencing;

8          b.      After consideration of the Sentencing Guidelines and the factors in

9  18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the

10  maximum term authorized by law;

11          c.      The Court is not bound by any recommendation regarding the

12  sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines

13  range offered by the parties or the United States Probation Department, or by any

14  stipulations or agreements between the parties in this Plea Agreement; and

15          d.      Defendant may not withdraw a guilty plea solely because of the

16  sentence imposed by the Court.

17      8.    **Ultimate Sentence**.  Defendant acknowledges that no one has promised or

18  guaranteed what sentence the Court will impose.

19      9.    **Statement of Facts**.  The parties agree on the following facts.  Defendant

20  admits Defendant is guilty of the charged offense(s):

21          a.    On April 11, 2023, in Kent, Washington, Blake Kirvin knowingly

22                possessed a Glock 17 Gen4 semi-automatic pistol with serial number

23                BGRX566. The pistol had an extended magazine capable of holding 31

24                rounds. 26 rounds were in the magazine. Kirvin also knowingly

25                possessed a black Ruger firearm magazine containing .22 caliber rounds

26                and 11 loose .22 caliber rounds.

27

Plea Agreement - 5
*United States v. Kirvin*
USAO# 2023R01010

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

b. The Glock 17 Gen4 semi-automatic pistol described above was not manufactured in the State of Washington and had therefore travelled in interstate or foreign commerce prior to being possessed by Kirvin.

c. Prior to the events described in the previous paragraphs, Blake Kirvin knew he had been convicted of the following felony crimes punishable by a term of imprisonment exceeding one year, and was accordingly prohibited from possessing a firearm:

    i. *Felon in Possession of a Firearm*, CR21-002 RAJ, in the United States District Court for the Western District of Washington, on July 22, 2022.

    ii. *Felon in Possession of a Firearm* (two counts), CR15-165 RAJ, in the United States District Court for the Western District of Washington, on December 4, 2015.

d. The Glock 17 Gen4 semi-automatic pistol with serial number BGRX566 and all ammunition described above were involved in the charged offense.

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

10. **Sentencing Factors**.  The parties agree that the following Sentencing Guidelines provisions apply to this case:

a. A base offense level of 20, pursuant to USSG §2K2.1(4)(B);

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines.  Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated

Plea Agreement - 6
*United States v. Kirvin*
USAO# 2023R01010

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  adjustments, and is further free to apply additional downward or upward adjustments in
2  determining Defendant's Sentencing Guidelines range.

3    11.    **Acceptance of Responsibility.**  At sentencing, *if* the Court concludes
4  Defendant qualifies for a downward adjustment for acceptance of responsibility pursuant
5  to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will
6  make the motion necessary to permit the Court to decrease the total offense level by three
7  (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the
8  United States by timely notifying the United States of Defendant's intention to plead
9  guilty, thereby permitting the United States to avoid preparing for trial and permitting the
10 Court to allocate its resources efficiently.

11    12.    **Government's Sentencing Recommendation.** The United States agrees to
12 recommend a custodial sentence of no more than the low end of the United States
13 Sentencing Guidelines as calculated by the Court at the time of sentencing. Additionally,
14 the parties will jointly recommend revocation and a custodial sentence of 12 months for
15 the supervised release violations in CR21-002, to run concurrent to the sentence imposed
16 in this case. Defendant understands this recommendation is not binding on the Court and
17 the Court may reject the recommendation of the parties and may impose any term of
18 imprisonment up to the statutory maximum penalty authorized by law. Defendant further
19 understands that Defendant cannot withdraw a guilty plea simply because of the sentence
20 imposed by the Court. Except as otherwise provided in this Plea Agreement, the parties
21 are free to present arguments regarding any other aspect of sentencing.

22    13.    **Forfeiture of Assets**.  Defendant understands the forfeiture of property is
23 part of the sentence that must be imposed in this case.

24      Defendant agrees to forfeit to the United States immediately Defendant's right,
25 title, and interest in any firearms and ammunition involved in his commission of Felon in
26 Possession of a Firearm, as charged in Count 1 of the Information. This property is

27

Plea Agreement - 7
*United States v. Kirvin*
USAO# 2023R01010

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  subject to forfeiture pursuant to Title 18, United States Code, Section 924(d), by way of

2  Title 28, United States Code, Section 2461(c), and includes but is not limited to:

3      a.       One Glock 17 Gen4 semi-automatic pistol, bearing serial number

4  BGRX566, and any associated ammunition, including but not limited to:

5          (1)    Approximately 26 rounds of ammunition contained in an

6                 extended capacity magazine;

7          (2)    Any ammunition contained in a black Ruger firearm magazine;

8          (3)    Approximately 11 loose rounds of .22 caliber ammunition; and

9          (4)    Any other associated ammunition.

10  Defendant agrees to fully assist the United States in the forfeiture of the above-

11  described property and to take whatever steps are necessary to pass clear title to the

12  United States, including but not limited to: surrendering title and executing any

13  documents necessary to effectuate such forfeiture; assisting in bringing any assets located

14  outside the United States within the jurisdiction of the United States; and taking whatever

15  steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed,

16  wasted, hidden, or otherwise made unavailable for forfeiture. Defendant agrees not to file

17  a claim to any of the above-described property in any federal forfeiture proceeding,

18  administrative or judicial, which may be or has been initiated, and agrees not to assist

    anyone else in making a claim to this property.

19      The United States reserves its right to proceed against any remaining property not

20  identified in this Plea Agreement, including any firearms or ammunition involved in the

21  commission of Felon in Possession of a Firearm, as charged in Count 1 of the

22  Information.

23      14.    **Abandonment of Contraband**.  Defendant also agrees that, if any federal

24  law enforcement agency seized any illegal contraband that was in Defendant's direct or

25  indirect control, Defendant consents to the federal administrative disposition, official use,

26  and/or destruction of that contraband.

27

Plea Agreement - 8
*United States v. Kirvin*
USAO# 2023R01010

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

15.   **Non-Prosecution of Additional Offenses**.  As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation.  In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Plea Agreement.  Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

16.   **Interdependence of Plea Agreements**.  Defendant acknowledges that the United States has conditioned its willingness to enter into this Plea Agreement on (1) the Court's acceptance of the guilty plea and Plea Agreement by Defendant in King County Superior Court Case Number 22-1-01437-3 SEA, and (2) Defendant's admission to violations 1 – 3 in CR21-002.  As a result, if Defendant fails to enter into, and plead guilty pursuant to the terms of, the respective Plea Agreements, or if the Defendant later seeks to withdraw either of the resulting guilty pleas, or deny the supervised release violation in CR21-002, the United States may, at its election, withdraw from either or both Plea Agreements.  If the United States chooses to withdraw from this Plea Agreement under these circumstances, Defendant understands that the United States will seek an Indictment against the Defendant for all crimes for which the United States has sufficient evidence.

Plea Agreement - 9
*United States v. Kirvin*
USAO# 2023R01010

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

17.     **Breach, Waiver, and Post-Plea Conduct.**  Defendant agrees that, if Defendant breaches this Plea Agreement: (a) the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence; (b) Defendant will not oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement; and (c) Defendant waives any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Plea Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range.  Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

18.     **Waiver of Appellate Rights and Rights to Collateral Attacks.**  Defendant acknowledges that, by entering the guilty plea(s) required by this Plea Agreement, Defendant waives all rights to appeal from Defendant's conviction, and any pretrial rulings of the Court, and any rulings of the Court made prior to entry of the judgment of conviction.  Defendant further agrees that, provided the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the

Plea Agreement - 10
*United States v. Kirvin*
USAO# 2023R01010

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

statutory mandatory minimum, if greater than the Guidelines range) as determined by the Court at the time of sentencing, Defendant waives to the full extent of the law:

        a.     Any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable); and

        b.     Any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation.

This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

19.    **Voluntariness of Plea**.  Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

20.    **Statute of Limitations**.  In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to:  (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach

Plea Agreement - 11
*United States v. Kirvin*
USAO# 2023R01010

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  of the Plea Agreement by Defendant is discovered by the United States Attorney's

2  Office.

3          21.     **Completeness of Plea Agreement**.  The United States and Defendant

4  acknowledge that these terms constitute the entire Plea Agreement between the parties,

5  except as may be set forth on the record at the change of plea hearing in this matter.  This

6  Plea Agreement binds only the United States Attorney's Office for the Western District

7  of Washington.  It does not bind any other United States Attorney's Office or any other

8  office or agency of the United States, or any state or local prosecutor.

9          Dated this 30th day of January, 2024.

BLAKE L. KIRVIN
Defendant

COREY ENDO
Attorney for Defendant

THOMAS WOODS
Assistant United States Attorney

SANAA NAGI
Assistant United States Attorney

Plea Agreement - 12
*United States v. Kirvin*
USAO# 2023R01010